# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STANLEY DANYE SCARBOROUGH, ) <br> ) <br> Defendant. ) | Case No. CR-03-118-JHP |

## OPINION AND ORDER

This matter comes before the court on defendant's request to reduce his sentence to time served in light of the recent Supreme Court case, *Dorsey v. United States*, 2012 WL 2344463 (2012). For the reasons set forth herein, this court finds the defendant is not entitled to any further sentencing relief.

### *Background*

On February 13, 2004, the defendant plead guilty to a three-count indictment alleging possession of cocaine base (in excess of 50 grams) with intent to distribute, possession of methamphetamine with intent to distribute, and possession of cocaine with intent to distribute, all in violation of 21 U.S.C. § 841(a)(1). Thereafter, on June 18, 2004, the defendant was sentenced to 151 months' imprisonment on each count, based upon a guideline offense level of 34 with a corresponding sentencing range of 151 to 188 months. His conviction was affirmed, in an unpublished opinion, on June 7, 2005. *United States v. Scarborough*, 124 Fed.Appx. 238 (10th Cir. 2005).

On September 29, 2005, the defendant filed a motion to vacate, pursuant to 28 U.S.C. § 2255. *See*, Case No. CIV-05-398-JHP. On January 4, 2006, this court denied the motion and on January 31, 2006, this court denied a certificate of appealability. On August 4, 2006, the Tenth Circuit denied the defendant's request for a certificate of appealability and dismissed the appeal.

On July 18, 2008, pursuant to Amendment 706 of the sentencing guidelines, the defendant's offense level was reduced to 32 and his sentencing range was reduced to 121-151 months. As a result, the defendant's sentence was reduced to 121 months on each count.

Thereafter, on December 23, 2011, pursuant to Amendment 750 of the sentencing guidelines, this court again reduced the defendant's offense level to 28 and his sentencing range was reduced to 78-97 months. Since the statutory mandatory minimum sentence at the time of the defendant's crime in 2003 was 120 months, the defendant's sentence was reduced to 120 months on each count.

In *Dorsey v. United States*, 2012 WL 234463 (2012), the United States Supreme Court held the more lenient mandatory minimum penalties of the Fair Sentencing Act, 124 Stat. 2372, apply to offenders who were sentenced after the Act's effective date of August 3, 2010, for conduct occurring prior to the Act's effective date. The question this court must decide is whether *Dorsey* has any application to a defendant who was sentenced to the statutory mandatory minimum sentence in effect prior to the Fair Sentencing Act's effective date.

While this court had jurisdiction to reduce the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) because the Sentencing Commission on two separate occasions lowered

the guideline range, this court finds the statutory mandatory minimum sentence at the time of defendant's offense remains controlling. *United States v. Smartt*, 129 F.3d 539, 542(10th Cir. 1997). A sentence reduction under § 3582(c)(2) is not "a sentencing or resentencing proceeding," *Dillon v. United States*, 130 S.Ct. 2683, 2690-2691 (2010). Rather, it is merely authorization by Congress to make "a limited adjustment to an otherwise final sentence . . ." *Id.* In *Dorsey*, the Court indicated ". . . in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Id.*, at 14. Accordingly, while the defendant was eligible for sentence reductions based on Amendments 706 and 750, this court has no authority to reduce the defendant's below the applicable mandatory minimum sentence at the time of defendant's original sentencing.

It is, therefore, the order of this court that the defendant's request to modify his sentence to time served is hereby denied.

It is so ordered on this  6th  day of July, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

3